DAVID BRAUN & another *vs.* THE FOXBORO COMPANY. November 5, 1963. Decree affirmed with costs. The plaintiffs appeal from a final decree dismissing a bill seeking to enjoin the defendant from discharging surface and contaminated water onto the plaintiffs' land. The facts are established by the master's report, confirmed by interlocutory decree, from which no appeal was taken. We summarize. The lands of the parties are separated by two public ways and a wedge shaped tract between the ways owned by a third person. All of the land is swampy. The natural drainage is from the defendant's land to the plaintiffs'. The defendant enclosed a brook which runs through its land within an eighteen inch pipe

and connected it to the head wall of a culvert installed under one of the ways which abuts upon the defendant's land. Other pipes on the defendant's property collect surface water and drain into the eighteen inch pipe. The water thus collected passes through another culvert, which is not on the defendant's land, and continues across the plaintiffs' land. For disposal purposes, the defendant has installed, independent of the drainage system, a sewerage system which does not encroach upon or otherwise affect the plaintiffs' land. The defendant does not contaminate the water which reaches the brook on the plaintiffs' land. The slight periodic increase in the average flow of surface water which now occurs also occurred before the defendant built its plant and is not attributable to the defendant. Of the average flow of sixty gallons per minute from the drainage system, seventeen per cent represents uncontaminated water from the defendant's plant operation. The capacity of the culvert is 1,200 gallons per minute. There is no right to injunctive relief. The water from the defendant's draining system is discharged into a natural watercourse. *Fitzgerald* v. *Fortier,* 292 Mass. 268, 274. The case of *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292, is not applicable. The use which the defendant makes of the watercourse is reasonable. *Amory* v. *Commonwealth,* 321 Mass. 240, 246. *Kuklinska* v. *Maplewood Homes, Inc.* 336 Mass. 489, 494. This case in principle is governed by *Jackman* v. *Arlington Mills,* 137 Mass. 277, 283.

*Leon Aronson* for the plaintiffs.
*Marshall Simonds* for the defendant.